1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

| | |
|---|---|
| ULYSSES L. MANGUNE,<br><br>                    Plaintiff,<br><br>        v.<br><br>MERRILL GARDENS FAERLAND<br>TERRACE ALZHEIMERS CARE<br>CENTER,<br><br>                    Defendant. | CASE NO. C13-299MJP<br><br>ORDER DIRECTING CLERK TO<br>IDENTIFY PRO BONO<br>COUNSEL AND A CR 39.1<br>NEUTRAL FOR EARLY ADR<br>PROCEEDINGS |

10

11

12

13

14

15

16

17    This matter comes before the Court on Plaintiff's application for Court-appointed

18  counsel. (Dkt. No. 9.)

19

20    Having reviewed plaintiff's motion for the appointment of counsel (Dkt. No. 9), as well

  the response from the Court's Pro Bono Screening Committee, the Court ORDERS that

21  plaintiff's motion is GRANTED IN PART for the limited purpose of conducting an early

22  alternative dispute resolution procedure pursuant to LCR 39.1.

23    Generally, the decision to appoint pro bono counsel rests within "the sound discretion of

24  the trial court and is granted only in exceptional circumstances." <u>Agyeman v. Corrections Corp.</u>

ORDER DIRECTING CLERK TO IDENTIFY PRO
BONO COUNSEL AND A CR 39.1 NEUTRAL
FOR EARLY ADR PROCEEDINGS- 1

of America, 390 F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances

requires an evaluation of both the likelihood of success on the merits and the ability of the

plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  These factors must be viewed

together before reaching a decision on a request for counsel.  Id.

At this early stage of litigation, the Court finds that Plaintiff has failed to demonstrate that

exceptional circumstances warrant the appointment of counsel for the duration of this case.  To

date, Plaintiff's submissions have not provided compelling arguments or any evidence indicating

that this case is particularly likely to succeed on the merits. Moreover, Plaintiff has not shown

that he is wholly unable to articulate his claims pro se.

However, the Court also finds that the circumstances of this case indicate that the

interests of justice will best be served if counsel from the Western District Pro Bono Panel is

appointed to represent the Plaintiff for the limited purpose of conducting an early ADR

procedure pursuant to LCR 39.1. The undersigned also finds that the Court will benefit from

appointed counsel's assistance with Plaintiff's efforts to effectuate service and establish standing

to bring his lawsuit.  Finally, the undersigned finds that an early ADR procedure under LCR 39.1

may bring about an early, inexpensive and consensual resolution of the litigation by facilitating

and improving communication between the parties, limiting, narrowing or simplifying the issues

in dispute, and potentially achieving settlement of some or all issues between the parties.

Accordingly, the parties are directed to read and comply with the deadlines and

procedures outlined in § 3(g)-(i) of the Pro Bono Plan.[1]  Specifically, following entry of the

Order of Appointment, the Clerk shall send the appointed attorney a Notice of Appointment and

Interim Notice of Appearance, which shall include a statement that defense counsel must only

---

[1] The Pro Bono Plan was most recently amended effective August 1, 2010, and is
available on the Court's website via links to "Court Services" or "Representing Yourself," at
http://www.wawd.uscourts.gov/documents/ReferenceMaterials/GeneralOrders/08-12-
10%20GO%20adopting%20Amended%20Pro%20Bono%20Plan.pdf.

communicate with the appointed attorney, and not the Plaintiff, in accordance with Rules 4.2(b) and 4.3(b) of the Washington Rules of Professional Conduct. *See* Pro Bono Plan § 3(g). The Clerk's Notice of Appointment and Interim Notice of Appearance also suspends the provisions of CR 16(a) and (d) requiring a scheduling conference, joint status report, and scheduling order, until completion of the ADR proceedings. *See* Pro Bono Plan § 3(i).

As soon as practical following appointment, pro bono counsel is directed to confer with the Plaintiff regarding the ADR procedures available under LCR 39.1(3). Pro bono counsel shall then meet and confer with opposing counsel to develop a plan for an early ADR procedure, and shall attempt to reach agreement on the factors listed in § 3(i)(iv)(A)-(E). The parties are advised that they are required to submit a Joint Pro Bono ADR Status Report addressing these factors not later than twenty (20) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan to § 3(i)(v).

Unless otherwise ordered, the early ADR procedure shall be completed not later than seventy-five (75) days following the Clerk's Notice of Appointment and Interim Notice of Appearance. *See* Pro Bono Plan § 3(i)(vii). Upon completion of the ADR procedure, appointed counsel shall submit a report to the Court and opposing counsel stating (1) when the ADR procedure occurred, and (2) whether the case settled as to some or all issues.[2] Following submission of this report, appointed counsel's limited representation shall be deemed complete, and counsel may submit a proposed order terminating the limited representation. At that time, appointed counsel may move for an award of attorney's fees under any applicable authority, although the Court is unable to assure counsel of compensation.

Accordingly, Plaintiff's motion (Dkt. No. 9) is GRANTED IN PART. The Clerk is DIRECTED to identify counsel from the Pro Bono Panel to represent plaintiff for the limited purpose of conducting an early ADR procedure pursuant to LCR 39.1. The Clerk is further

---

[2] If the ADR procedure was a mediation, however, the mediator's report required by CR 39.1(c)(6) will serve in lieu of appointed counsel's report.

ORDER DIRECTING CLERK TO IDENTIFY PRO
BONO COUNSEL AND A CR 39.1 NEUTRAL
FOR EARLY ADR PROCEEDINGS- 3

1  directed to identify an attorney from the LCR 39.1 register of neutrals who appears suited to

2  serve as a neutral in such early ADR proceedings.  Upon notification from the Clerk, the

3  undersigned shall appoint the selected attorney to represent the plaintiff in early ADR

4  proceedings in this case.  Finally, the Clerk is directed to send a copy of this Order and § 3(g)-(i)

5  of the Pro Bono Plan to plaintiff and counsel for defendant.

6          Through this Order, the Court hereby suspends its prior order setting trial date and related

7  dates (Dkt. No. 15). If the ADR procedure does not resolve all issues, the parties are directed to

8  file a joint status report with the Court within 10 days of the conclusion of the ADR procedure,

9  and the Court will set a new case schedule.

10         Dated this 5th day of July, 2013.

11

12

13

14         Marsha J. Pechman
           United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER DIRECTING CLERK TO IDENTIFY PRO
BONO COUNSEL AND A CR 39.1 NEUTRAL
FOR EARLY ADR PROCEEDINGS- 4